[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PRESENT: THE HONORABLE EDWARD R. KARAZIN, JR., JUDGE
JUDGMENT OF STRICT FORECLOSURE
CT Page 14004
This action by Amended Foreclosure Complaint claiming a foreclosure of a mortgage on a certain parcel of land in the City of Stamford, County of Fairfield and State of Connecticut, more particularly described in Exhibit A attached hereto and made a part hereof, and certain improvements thereon and appurtenances thereto and certain items of personal property described in Exhibit B attached hereto and made a part hereof (the "Property"), and possession of the Property and other relief, came to this Court on May 27, 1993, and thence to June 28, 1995, when the Court granted summary judgment as to liability in favor of the Plaintiff, Teachers Insurance and Annuity Association of America ("TIAA") against the Defendant, Broad and Hanrahan Limited Partnership ("BHLP"), and thence to July 30, 1997 when TIAA, BHLP and the Defendants Dale F. Frey, F.X. Tansey, Arthur S. Bahr, Eugene K. Bolton and Brian T. McAnaney, Trustees of General Electric Pension Trust (referred to hereinafter collectively as "GEPT"), appeared and were fully heard at trial as to all remaining issues.
The Court, having heard the testimony and arguments of the parties, finds that the mortgage debt owed by BHLP to TIAA is $39,757,539.12 as of July 30, 1997; and that TIAA is due additional accrued interest at the per diem rate of $9,715.86, beginning on July 31, 1997 and being 135 days for a total debt through and including the date hereof, being 135 days, for an additional amount of $131,164.11; and for a total debt of $41,069,180 that on July 30, 1997, as is reflected in the Quarterly Report of the Receiver of Rents dated August 8, 1997, docket entry number 211, the Receiver sent to TIAA $214,824.08, which amount shall be credited against the amount of the debt. The Court therefore finds and adjudges that the total amount of the mortgage debt as of the date hereof, 12/12/97, is $40,854,356.
WHEREUPON, it is hereby adjudged that, unless BHLP, on or before the twenty-first day following the date hereof, 1/3/98, 1998 shall pay to TIM the sum of $40,854,356, plus interest from the date hereof at the per diem rate of $9,715.86, then BHLP, its successors and assigns, shall be forever barred and foreclosed of all equity to redeem the Property. And, if BHLP shall fail to make such payment, then unless GEPT, on or before the twenty-second day following the date hereof, 1/4/98, 1998, shall pay to TIM the sum of $40,854,356, plus interest from the date hereof at the per diem rate of $9,715.86, then GEPT, its heirs, executors, administrators, CT Page 14005 successors and assigns, shall be forever barred and foreclosed of all equity to redeem the Property.
And further, that the amounts, as set forth above, required to be paid to redeem the Property shall be reduced by any amount paid by the Receiver of Rents, as may be reflected in the Report of the Receiver of Rents filed with the Court, between the date hereof and each party's respective law day as set forth above.
And further, that BHLP, and all persons or entities claiming possession of the Property through BHLP under any conveyance or instrument executed or recorded subsequent to May 26, 1993, the date of the recording of TIM's Notice of Lis Pendens, or whose interest shall have been thereafter obtained by descent or otherwise, shall deliver up possession of the Property to TIM or the defendant redeeming in accordance with this decree, with stay of execution of ejectment in favor of the redeeming defendant until one day after the time herein limited to redeem, and if all parties fail to redeem, then until 1/6/98, 1998. If all parties shall fail to redeem, title to the Real Property and the Personal Property shall vest absolutely in TIM on 1/7/98, 1998.
And further, within 30 days of date of any redemption or, if all parties fail to redeem, within 30 days of the vesting of title in TIM, the Receiver of Rents shall render a final accounting, which shall be served upon all parties and filed with the Court, and shall reflect the amount of funds, if any, collected from the Property and remaining in the accounts of the Receiver as of the date of the final accounting. The Receiver shall thereupon immediately disburse those funds to the party who has redeemed or, if all parties fail to redeem, to TIM, whereupon the Receiver's appointment shall terminate and the Receiver shall be discharged of all further duties and responsibilities pursuant to the appointment.
BY THE COURT
EDWARD R. KARAZIN, JR., JUDGE